# UNITED STATES DISTRICT COURT
for the

District of Puerto Rico

| | |
|---|---|
| United States of America<br>v.<br><br>**Agnaldo Marques-Ribeiro**<br>*Defendant* | )<br>)<br>) Case No.  16-1904 (M)<br>)<br>) |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

G (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted

  of    G  a federal offense    G  a state or local offense that would have been a federal offense if federal

  jurisdiction had existed  - that is

  G  a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5)
     for which the prison term is 10 years or more.

  G  an offense for which the maximum sentence is death or life imprisonment.

  G  an offense for which a maximum prison term of ten years or more is prescribed in _____ .*

  G  a felony committed after the defendant had been convicted of two or more prior federal offenses
     described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

  G  any felony that is not a crime of violence but involves:

     G  a minor victim

     G  the possession or use of a firearm or destructive device or any other dangerous weapon

     G  a failure to register under 18 U.S.C. § 2250

G (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

G (3) A period of less than five years has elapsed since the    G date of conviction    G the defendant's release

  from prison for the offense described in finding (1).

G (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

G (1)  There is probable cause to believe that the defendant has committed an offense

  G  for which a maximum prison term of ten years or more is prescribed in _____ .

  G  under 18 U.S.C. § 924(c).

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act
(21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# UNITED STATES DISTRICT COURT
for the

District of Puerto Rico

G  (2)  The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

## Alternative Findings (B)

X  (1)  There is a serious risk that the defendant will not appear.

G  (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by  G  clear and convincing evidence   X  a preponderance of the evidence that

(1) no legal status to be in the United States
(2) immigration detainer
(3) fugitive status while under removal order

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:   12/22/2016

*s/ Bruce J. McGiverin*

*Judge's Signature*

Bruce J. McGiverin, U.S. Magistrate Judge

*Name and Title*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).