In the United States District Court
For the District of Puerto Rico

| | |
|---|---|
| The United States of America, Plaintiff vs., Agnaldo Marques-Ribeiro, Defendant. | Criminal No.: 17 – 009 (PAD) |

Sentencing Memorandum

To the Honorable Pedro A. Delgado

"Migration is a complex process and has been a feature of human societies for many centuries. There are many reasons why people choose to migrate, including: poverty, armed conflict, social strife, political turmoil and/or economic hardships."[1]

Agnaldo left Brazil – his home, his loved ones, his life – hoping to be able to work in the United States. His ultimate goal was to provide money for his family to make ends meet. He risked his life hoping to get his family – particularly his wife Ana and his young son Enzo - out of the poverty cycle.

Although, there are no excuses to break the law, he felt desperate with the dire economic situation at home and not providing healthcare to his young son Enzo who suffers from chronic asthma. He went on to buy a plane ticket from Brazil to the Dominican Republic, once there, he would take a "yola" that would leave him in United States Territory (Puerto Rico). Agnaldo planned to go to New

---

[1] https://www.weareoneamerica.org/root-causes-migration-fact-sheet

Jersey and find employment as a truck driver. With a commercial driver's license ("CDL") as part of his resume, Agnaldo was confident he could find employment right away and help his family.

His plan did not go through, as he was stopped and arrested at the Luis Munoz Marin Airport. Immediately, he told the authorities his true name and gave the authorities his Brazilian passport – which was the one he had been using all along. Agnaldo knows that he came this second time illegally. Since day one, he has accepted responsibility and remorse for coming back illegally into the United States. He is frustrated and desperate to be locked up in prison *while his family is suffering and lacking even the most basic necessities.*

Being detained in a prison has not been easy for Agnaldo. As a first time offender, the realities of prison life have been a very tough lesson to learn as it had always been a foreign world for him. Agnaldo has been one of the inmates housed in Puerto Rico's Department of Correction Institution (Bayamon 705) because of overcrowding in MDC Guaynabo. The situation at the local jail has been extra tough for Agnaldo and his fellow inmates accused of immigration offenses. Bayamon 705 lacks the resources to keep the facilities clean, pest-free, with warm water for showering and very extremely small portions of food. This misery has caused Agnaldo to become depressed and losing hope during this process. Agnaldo has endured being locked in his cell for 26 hours straight, without food nor water, no commissary and not being able to call home.

Sentence Recommendation

According to the United States Sentencing Guidelines ("USSG"), Agnaldo is a Criminal History Category ("CHC") I as this is his first conviction. The USSG define Mr. Marques-Ribeiro's Base Offense Level ("BOL") at 8 as per USSG 2L1.2. The guidelines also consider a 2 level deduction for acceptance of responsibility. Total Offense Level ("TOL") for the instance case is 6. With a CHC of I and a TOL of 6, the USSG recommend a term of imprisonment of 0-6 months.

Despite having a difficult and poor childhood, Agnaldo has stayed away from crime for his entire life until this moment. It is at age 42 that he finds himself in trouble with the law. This is his first ever involvement with the criminal justice system.

The guidelines provide no mechanism for which to consider a defendant like Agnaldo, who is the true "first offender." The Guidelines, therefore, authorize identical sentences for Agnaldo and someone who has a criminal past. The Sentencing Commission reasons that first offenders are less-culpable, less likely to reoffend, and deserving of reduced punishment.[2] A powerful predictor of a reduced likelihood of recidivism is the lack of any prior involvement with criminal justice system. Agnaldo is among those individuals who are least likely to reoffend. "Even among offenders with zero criminal history points, offenders who have never been arrested have the lowest recidivism risk of all."[3] Having no prior

---

[2] Valerie Wright, Sentencing Project, Deterrence in Criminal Justice: Evaluating Certainty vs. Severity of Punishment (2010) 7, http://www.sentencingproject.org/wp-content/uploads/2016/01/Deterrence-in-Criminal-Justice.pdf.

[3] *See* United States Sentencing Commission, *Recidivism and the "First Offender"* at 17 (May 2004).

arrests or convictions, Agnaldo's risk of recidivism is low. The Commission reports this group, known as Group A in the report, has a recidivism rate of 6.8%. *Id.* at 16-17. Studies have shown that among low-risk offenders, those who spent less time in prison were less likely to recidivate than those who served longer sentences.[4]

Considering who Agnaldo is, what Agnaldo did, and the strong family and community Wilfredo will be released to once he is deported to Brazil, a sentence of TIME SERVED will provide just punishment and adequate deterrence. He has been detained by the Federal Authorities since December 13, 2016 as of today he has been detained for exceeding 4 months (this week, 05/13/2017 he would be entering his 5th month of imprisonment – which already positions him at the higher end of the guideline range). We respectfully submit that a sentence of TIME SERVED, is warranted, reasonable, and not greater than necessary to accomplish all the goals of sentencing.

Wherefore, it is respectfully requested this Honorable Court take notice of the information in this Sentencing Memorandum and use it to exercise its discretion during the Sentencing Hearing.

I certify, that on this date I electronically filed the present motion with the Clerk of the Court using the CM/ECF system which will send electronic notification of the filing to all parties of record.

Respectfully submitted.

In San Juan, Puerto Rico, 11th day of May, 2017.

Eric A. Vos
Federal Public Defender
District of Puerto Rico

S/ Vivian I. Torralbas-Halais
Vivian I. Torralbas-Halais
Assistant Federal Public Defender
USDC-PR 2131601
241 F.D. Roosevelt Avenue
Floor 3
San Juan, Puerto Rico 00918-2305
(787) 281-4922 Ext. 224
vivian_torralbas@fd.org