**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA**,
Plaintiff,

v.

**AGNALDO MARQUES-RIBEIRO**,
Defendant.

CRIMINAL NO. 17-009 (PAD)

## UNITED STATES' SENTENCING MEMORANDUM

**TO THE HONORABLE COURT:**

The United States of America (the "United States"), by and through undersigned attorneys, hereby files this Sentencing Memorandum in the above-captioned matter. Based on the sentencing factors set forth in Title 18, *United States Code*, Section 3553(a), including the relevant sentencing guidelines, the United States respectfully requests that this Honorable Court sentence defendant Agnaldo Marques-Ribeiro to a term of imprisonment of TIME SERVED, for Count One of the Indictment, within a Criminal History Category of I.

**I.   INTRODUCTION**

On March 20, 2017, defendant Marques-Ribeiro pled guilty, via straight plea to Count One of the Indictment, that is, re-entry of a removed alien, in violation of Title 8, *United States Code*, Section 1326(a)(2).

Count One charges that on or about December 13, 2016, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, defendant Marques-Ribeiro, an alien who had previously been deported or removed, was found in the United States, without having obtained, prior to his reembarkation, the express consent of the Attorney General of the United States, or his successor, the Secretary of Homeland Security, acting through the Under Secretary for the Border

and Transportation Security, pursuant to Title 6, *United States Code*, Section 202(3), 202(4), and 557, to reapply for admission into the United States. All in violation of Title 8, *United States Code,* Section 1326(a)(2). Sentencing is currently scheduled for May 26, 2017.

## II.  FACTUAL BACKGROUND

On December 13, 2016, at the Luis Muñoz-Marin International Airport in Carolina, Puerto Rico, defendant Marques-Ribeiro, a citizen of Brazil, was found in the United States attempting to board Seaborne Airline flight number 4519, bound to the city of Santo Domingo, Dominican Republic.

During the inspection conducted by U.S. Customs and Border Protection Officers, defendant Marques-Ribeiro claimed to be citizen and national of Brazil and presented a Brazilian passport as proof of identity.

Defendant Marques-Ribeiro was referred for a more thorough interview and a closer examination of the document that he presented, due to the fact that the defendant also claimed to be illegally in the United States. Defendant Marques-Ribeiro's fingerprints were submitted to the FBI for comparison and the system revealed a match to an FBI record.

FBI records showed that defendant Marques-Ribeiro was apprehended by Border Patrol on August 8, 2006 and was place in removal proceedings. On April 5, 2007 the Immigration Judge granted the defendant a voluntary departure with an alternative deportation order. Defendant Marques-Ribeiro failed to depart on his required voluntary departure date.

United States Sentencing Memorandum
*United States v. Agnaldo Marques-Ribeiro*,
Criminal No. 17-009 (PAD)

Defendant Marques-Ribeiro was apprehended on February 28, 2012, and was physically removed from the United States on March 27, 2012. On December 13, 2016, defendant Marques-Ribeiro was again found in the United States, without obtaining the express consent from the Attorney General of the United States, or his successor, the Secretary of Homeland Security to reenter the United States following his prior removal order and that no application to request such consent was found on immigration files. He was arrested on that same date (December 13, 2016).

**PRE SENTENCE REPORT (PSR) RECOMMENDATION AND ARGUMENT**

According to the PSR offense level computation, the total offense level is **6** with a criminal history category of I, which yields a sentencing guideline range of imprisonment of **0-6 months months**.

The touchstone for determining a proper sentence is determined by whether a sentence is reasonable in light of the enumerated factors set forth in Title 18, *United States Code*, §3553(a).

Factors particularly relevant in this case include the circumstances of the offense and the need for the sentence to reflect the seriousness of the offense. Based on nature of this case and the PSR's recommendation, the United States submits that a sentence of **TIME SERVED** is sufficient but not greater than necessary.

**WHEREFORE**, the United States respectfully submits that a sentence of **TIME SERVED** is sufficient but not greater than necessary in light of the facts in this case and the seriousness of the offense.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, on this 21st day of May 2017.

      **ROSA EMILIA RODRIGUEZ-VELEZ**
      **UNITED STATES ATTORNEY**

      *s/    Elba Gorbea*
      **ELBA GORBEA**
      Assistant United States Attorney
      USDC-No. 224014
      United States Attorney's Office
      Torre Chardón Bldg., Suite 1201
      350 C. Chardón Street
      San Juan, Puerto Rico 00918

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the defendant.

      *s/    Elba Gorbea*
      **ELBA GORBEA**
      Assistant United States Attorney
      USDC-No. 224014